# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LUIGINO LOBELLO, BAR NO. 13712.

No. 77974

FILED

MAY 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Luigino Lobello be suspended from the practice of law for six months and one day based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Lobello committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the charges alleged in the complaint are deemed admitted because Lobello failed to answer the bar complaint. SCR 105(2). Thus, the record establishes Lobello violated the above-referenced rules by failing to communicate with a criminal client regarding a hearing and failing to appear at the hearing, resulting in the issuance of a bench warrant for the client. Additionally, Lobello's unusual behavior at a separate hearing caused his employer to cover the hearing. Thereafter, his employer found what appeared to be controlled substances in Lobello's office, terminated him, and reported him to the police.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although, we "must . . . exercise independent judgment," the panel's recommendation is persuasive.

19-20550

*In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Lobello violated duties owed to his clients (diligence and communication) and the public (misconduct). Lobello's mental state appears to have been knowing or negligent. Lobello's misconduct harmed his client because it resulted in a bench warrant being issued against the client. The baseline sanction for Lobello's misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (recommending suspension when a lawyer "knowingly fails to perform services for a client and causes injury or potential injury to a client" or "engages in a pattern of neglect and causes injury or potential injury to a client"). The panel found and the record supports five aggravating circumstances (pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or order, refusal to acknowledge the wrongful nature of the misconduct, and illegal conduct) and two mitigating circumstances (absence of prior disciplinary record and personal or emotional problems). Considering all the factors, the recommended suspension is appropriate to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Luigino Lobello from the practice of law in Nevada for a period of six months and one day commencing from the date of this order. Before seeking reinstatement, Lobello shall pay Jamie Lane $1,000 in restitution plus any other costs Lane incurred as a result of Lobello's misconduct and provide proof that he has sought treatment for any emotional and mental health issues from which he has suffered. Further, Lobello shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                            Hardesty

_____, J.          _____, J.
Parraguirre                          Stiglich

_____, J.          _____, J.
Cadish                               Silver

cc:    Chair, Southern Nevada Disciplinary Board
       Luigino J. Lobello
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court